Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| BRENDA GELABERT ORTIZ Y OTROS<br><br>Parte Peticionaria<br><br>v.<br><br>RAFAEL LUCIANO QUIÑONES; RAFAEL ALMANZAR<br><br>Parte Recurrida | TA2026CE00009 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: LO2024CV00101 Consolidado LO2025CV00017<br><br>Sala: 403<br><br>Sobre: Reposesión de de Bienes Inmuebles Apropiados Ilegalmente |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparecen ante *nos,* Brenda Gelabert Ortiz, Pablo Gelabert Ortiz y Oracquiles Gelabert Ortiz (en conjunto, los peticionarios) y nos solicitan que revisemos una *Resolución* emitida el 10 de noviembre de 2025 y notificada el 14 de noviembre de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Carolina. Mediante dicho dictamen, el foro primario determinó que la parte peticionaria no tenía excusa para dejar de asistir a la deposición citada ni cumplir con las órdenes del Tribunal. Además, ordenó a la parte peticionaria a que en el término de diez (10) días notificara a Rafael Luciano Quiñones (parte recurrida) la contestación a interrogatorio y los documentos solicitados, so pena de sanciones adicionales. Finalmente, reiteró las órdenes previas de posponer la evaluación de la solicitud de sentencia sumaria

presentada por los peticionarios hasta que culmine la deposición y producción de documentos solicitada.

Por los fundamentos antes expuestos, se *deniega* la expedición del auto de *certiorari.*

**I.**

Este recurso tiene su origen en una *Demanda* sobre reposesión de bienes inmuebles apropiados ilegalmente y daños, que presentó la parte peticionaria el 11 de junio de 2024. Así las cosas, el 29 de julio de 2024, la parte recurrida presentó una *Contestación a Demanda.*

Iniciado el descubrimiento de prueba, el 13 de febrero de 2025, la parte recurrida presentó una *Moción al Amparo de la Regla 34 de Procedimiento Civil.* En la misma, informó que la parte peticionaria estaba citada para una producción de documentos a llevarse el 31 de enero de 2025 a la 1:00 p.m. y no compareció. Por lo cual, solicitó el reembolso de los honorarios del taquígrafo y los honorarios de abogado. Oportunamente, el 3 de marzo de 2025, la parte peticionaria presentó una *Réplica a Moción al Amparo de la Regla 34 de Procedimiento Civil.*

El 9 de marzo de 2025, el TPI emitió una *Resolución y Orden* mediante la cual le impuso a la parte peticionaria el pago de $80.00 por concepto de reembolso a la parte recurrida por los gastos incurridos y la suma de $200.00 de honorarios de abogados. De otro lado, ordenó a la parte peticionaria a que en o antes del 21 de marzo de 2025, notificara la producción de documentos que le había sido solicitada.

Luego de varios incidentes procesales, incluyendo la presentación de un recurso de *certiorari* ante este Tribunal, el cual fue resuelto por un panel hermano mediante *Sentencia* del 2 de mayo de 2025, el 31 de marzo de 2025, la parte recurrida presentó una *Segunda Moción al Amparo de la Regla 34 de Procedimiento Civil.*

En la misma, arguyó que el 10 de marzo de 2025, le notificó a la parte peticionaria un aviso de producción de documentos a llevarse a cabo el 26 de marzo de 2025, el cual sería realizada y grabada ante taquígrafo. Así, el 25 de marzo de 2025, la parte recurrida le envió a la parte peticionaria un correo electrónico solicitándole la confirmación a la comparecencia. Sin embargo, el correo electrónico cursado no fue respondido por la parte peticionaria.

El 10 de abril de 2025, la parte peticionaria presentó una *Moción en Cumplimiento de Orden* mediante la cual sostuvo su negativa a que se continue con el descubrimiento de prueba que la parte recurrida solicita antes de que el foro primario resuelva la solicitud de sentencia sumaria presentada. Ese mismo día, la parte recurrida presentó una *Moción en Apoyo de Segunda Moción al Amparo de la Regla 34 de Procedimiento Civil*. En dicho escrito, informó que recibió un correo electrónico de la parte peticionaria en el cual dispuso lo siguiente:

> [l]es informo que los demandantes no están disponibles para comparecer a Puerto Rico a ser depuestos hasta que el Tribunal resuelva, en Resolución o Sentencia final y firme, la Solicitud de Sentencia Sumaria que presentamos el 31 de enero de 2025.

Ulteriormente, el 10 de noviembre de 2025, notificada el 14 de noviembre de 2025, el TPI emitió una *Resolución* mediante la cual concluyó que la parte peticionaria no tenía excusa para dejar de asistir a la deposición citada ni cumplir con las órdenes del Tribunal; por lo cual, impuso una sanción económica de $1,000.00 por incumplir las órdenes del Tribunal, el reembolso a la parte recurrida de $111.25 de honorarios del taquígrafo, el pago de sanciones previas, el pago de $1,500.00 de honorarios de abogados por dilatar los procedimientos relacionados con el descubrimiento de prueba y provocar que los recurridos continúen incurriendo en gastos de un asunto adjudicado.

Asimismo, ordenó a la parte peticionaria a que en el término de diez (10) días notificara a la parte recurrida la contestación a interrogatorio y los documentos solicitados, so pena de sanciones adicionales. Por último, reiteró las órdenes previas de posponer la evaluación de la solicitud de sentencia sumaria presentada por los peticionarios hasta que culmine la deposición y producción de documentos solicitada.

Subsiguientemente, el 1 de diciembre de 2025, la parte peticionaria presentó una *Solicitud de Reconsideración*. En esa misma fecha, el foro primario emitió una *Resolución Interlocutoria,* notificada el 2 de diciembre de 2025, mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración. Insatisfecho, el 7 de enero de 2026, la parte peticionaria compareció ante *nos* mediante un recurso de *Certiorari* y alegó la comisión de los siguientes errores:

## ERROR NÚMERO 1

Incurrió en error el TPI al calendarizar los procedimientos hasta señalar Conferencia con Antelación a Juicio para el 25 de junio 2026, sin señalar las fechas en que la parte demandada debe contestar las Solicitudes de Sentencia Sumaria en ambos casos consolidados y la fecha en que el TPI resolverá las mismas. El resolverlas es esencial para que el TPI determine las controversias que quedaran pendientes de resolver a ser señaladas en la Conferencia con Antelación a Juicio.

## ERROR NÚMERO 2

Incurrió en error el TPI en sancionar a la parte demandante con $1,000.00 utilizando como fundamento el incumplir con las órdenes del TPI; el pago de $111.15 de honorario de taquígrafo utilizando como fundamento la incomparecencia de la parte demandante a la producción de documentos y ordenar el pago de $1,500.00 de honorario de abogados utilizando como fundamento el que la parte demandante dilató los procedimientos relacionados con el descubrimiento de pruebas, cuando del expediente ante el TPI emana que quien ha dilatado los procedimientos es la parte demandada.

Examinado el recurso de *certiorari,* el 20 de enero de 2026, emitimos una *Resolución* mediante la cual le concedimos un término

de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. El 8 de febrero de 2026, compareció la parte recurrida mediante una *Moción Mostrando Causa y Oposición a Expedición del Recurso de Certiorari.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León,* 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En

lo pertinente, la precitada disposición reglamentaria, *supra*, dispone

que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante

la consideración del Tribunal, procede abstenerse de expedir el auto,

de manera que se continúen los procedimientos del caso, sin mayor

dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*,

165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151

DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata

nuestra facultad discrecional de entender o no en los méritos de los

asuntos que son planteados mediante el recurso, la Regla 40 de

nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que

debemos considerar al atender una solicitud de expedición de un

auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En

lo pertinente, la precitada disposición reglamentaria dispone lo

siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

Habida cuenta de que el recurso ante *nos* se trata de un *certiorari*, este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición.

En el caso de epígrafe, la parte peticionaria alegó que incidió el foro primario al calendarizar los procedimientos al señalar la

Conferencia con Antelación a Juicio para el 25 de junio 2026, sin señalar las fechas en que la parte recurrida debe contestar las solicitudes de sentencia sumaria en ambos casos consolidados y la fecha en que el TPI resolverá las mismas. Arguyó que el resolverlas es esencial para que el foro primario determine las controversias que quedaran pendientes de resolver a ser señaladas en la Conferencia con Antelación a Juicio.

Asimismo, coligió que erró el TPI en sancionarle con $1,000.00 utilizando como fundamento el incumplir con las órdenes del tribunal; el pago de $111.15 de honorarios del taquígrafo utilizando como fundamento su incomparecencia a la producción de documentos y ordenar el pago de $1,500.00 de honorarios de abogados utilizando como fundamento el que dilató los procedimientos relacionados con el descubrimiento de prueba, cuando del expediente ante el TPI emana que quien ha dilatado los procedimientos es la parte recurrida.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar minuciosamente el recurso presentado por la parte peticionaria, y luego de una revisión de la totalidad del expediente ante *nos*, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones